UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GLENN MICHAEL CYBULSKI,    No. 13-10277

　　　　　　Debtor(s).
_____/

Memorandum on Objection to Claim of Exemption
_____

Debtor Glenn Cybulski filed his Chapter 7 petition on February 11, 2013. In his schedules filed on March 11, he made no mention whatsoever of the fact that he was a beneficiary of a trust established by his deceased father. The value of Cybulski's interest in the trust is about $22,500.00.

On March 15, 2013, Cybulski answered under penalty of perjury a questionnaire given to him by the bankruptcy trustee, Jeffry Locke. He denied there were any assets omitted from his schedules, and specifically answered "no" to the question "Are you a beneficiary of any will, trust or estate?"

At his meeting of creditors on April 2, 2013, Cybulski again averred that his schedules were accurate. However, a creditor appeared and asked Cybulski if he has an interest in property outside the county. Cybulski answered, "My father passed away, so there is a - - there's a trust. He created a trust for the family." His testimony showed that he knew about the trust and knew he was a beneficiary of it.

Locke thereafter began negotiations with the trustee of the trust to liquidate Cybulski's interest. Several months later, on October 11, 2013, Cybulski changed lawyers and claimed the interest in the

1

trust exempt for the first time. Locke objects, arguing that Cybulski intentionally concealed his interest so that he is estopped from claiming the interest as exempt.

Cybulski's response to the objection is to blame his former counsel. While the testimony did reveal a fair amount of sloppiness by the prior attorney, there is no credible evidence that Cybulski told the attorney about the trust at any time before the meeting of creditors. Moreover, the most damning piece of evidence is Cybulski's express denial, in Locke's questionnaire, of any beneficial interest in any trust. This falsehood was entirely independent of any action or neglect on the part of his lawyer.

For the foregoing reasons, the court finds that Cybulski intentionally and in bad faith concealed the existence of his interest in the trust from Locke. Active concealment of an asset requires denial of an exemption claim in the asset. *In re Andermahr,* 30 B.R. 523, 534 (9th Cir. BAP 1983). Accordingly, the court will sustain Locke's objection and the exemption will be disallowed.

Counsel for Locke shall submit an appropriate form of order.

Dated: February 13, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

2